Astolfo COTA, Plaintiff–Appellant,

v.

**CYPRUS AMAX MINERALS COMPANY, an Arizona corporation, et al., Defendants–Appellees.**

of this circuit except as provided by Ninth Circuit Rule 36–3.

Astolfo Cota, Plaintiff–Appellee,

v.

Cyprus Amax Minerals Company,
an Arizona corporation, et al.,
Defendants–Appellants.

No. 02–16658, 02–16790.
D.C. No. CV–00–00703–DCB.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2003.*

Decided July 15, 2003.

Before KOZINSKI, FERNANDEZ, and
RYMER, Circuit Judges.

MEMORANDUM**

Astolfo Cota appeals summary judgment
in favor of Cyprus Amax Minerals Compa-
ny and Phelps Dodge Corporation (collec-
tively, Phelps Dodge) on his claim under
the Americans with Disabilities Act of
1990, 42 U.S.C. §§ 12101 *et seq.* (ADA).
We affirm.

Even assuming that Cota has a disabili-
ty or is perceived as having one, there is
no triable issue that he can perform the
essential functions of a Maintenance Tech-
nician V, with or without reasonable ac-
commodation. 42 U.S.C. § 12111(8).
While Cota disputes Phelps Dodge's de-
scription of the "essential functions" of the
Tech V position, his argument rests entire-
ly on the opinion of a vocational rehabilita-
tion specialist whose testimony the district
court properly excluded. *See Broussard v.
Univ. of Cal., at Berkeley,* 192 F.3d 1252,
1258 (9th Cir.1999). He suggests that he
could be accommodated by coworkers' per-
forming essential functions that he cannot,
but this is neither a *reasonable,* nor a
required, accommodation. Accordingly,
Cota failed to make out a prima facie case
under the ADA.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

In any event, Phelps Dodge offered him a reasonable accommodation. *See* 42 U.S.C. § 12112(b)(5)(A). That Cota declined this position does not change the fact that he was accommodated in accordance with the ADA.

AFFIRMED.